## UNITED STATES v. ONE (1) 1950 MERCURY SPORT SEDAN, MOTOR NO. 101546.

### No. 772.

United States District Court
E. D. Louisiana, New Orleans Division.

May 30, 1952.

G. Harrison Scott, Asst. U. S. Atty., New Orleans, La., for libelant.

Joseph F. Monie, New Orleans, La., for claimant Leroy White.

WRIGHT, District Judge.

The above entitled libel proceedings having come on before this court for hearing on May 28, 1952, the United States of America, libelant herein, being represented by G. Harrison Scott, Assistant United States Attorney, and the claimant, Leroy White, being represented by his attorney, Joseph F. Monie, and after due consideration of the pleadings and the evidence presented, the court makes the following findings of fact and conclusions of law.

Findings of Fact.

1. By stipulation of Joseph F. Monie, Counsel for the claimant, Leroy White, and G. Harrison Scott, Assistant United States Attorney it was agreed that the record and evidence introduced in the case of United States of America v. Leroy White, Number 24,243 of the Criminal Docket of this Court, would become a part of these proceedings.

2. On December 5, 1951, at about 7:55 a. m., one Leroy White was observed by two officers of the Louisiana State Highway Police, a special employee and a narcotic agent of the Federal Bureau of Narcotics, driving a 1950 Mercury Sport Sedan, Motor No. 101546.

3. On leaving the automobile Leroy White was met by one James Turner, a special employee of the Federal Bureau of Narcotics, who had made previous arrangements with White for the sale of 23 marihuana cigarettes. White and Turner then proceeded to the entrance to the premises of White's employer where he reached in his front right pocket, obtained a package of 23 marihuana cigarettes, gave the same to Turner for which Turner thereupon paid him the price of $12.

4. The activities of White and Turner referred to in Paragraph Three hereof at all times were under the observation of Officers of the Federal Narcotics Bureau and Louisiana State Police, who testified that on leaving his automobile White met no one except Turner and did not reach in any direction to obtain anything except into his own right pants pocket where he obtained the 23 marihuana cigarettes. It was stipulated by counsel that the cigarettes in question contained marihuana.

5. The automobile used by Leroy White on the occasion in question is the identical automobile which was subsequently seized by Federal Narcotic Agents of the Treasury Department, Bureau of Narcotics at New Orleans, in the New Orleans Division of the Eastern District of Louisiana and within the jurisdiction of this court, acting under authority of Title 49, Section 782 United States Code Annotated. The court further finds that on the occasion in ques-

tion Leroy White did transport in said 1950 Mercury Sport Sedan 23 marihuana cigarettes without having the order form therefor as required by law.

6. Due publication of the notice of seizure and attachment of said 1950 Mercury Sport Sedan, Motor No. 101546, by the United States Marshal has been accomplished as required by law and the said Leroy White appeared as the sole claimant of said automobile.

## Conclusions of Law.

1. Probable cause has been shown for the institution of this proceeding by libelant; and the seizure of the said Mercury Sport Sedan described in the title of this proceeding was valid and legal.

2. Leroy White unlawfully transported and carried upon his person in said 1950 Mercury Sport Sedan seized herein a contraband article as defined in Section 781, Title 49 United States Code Annotated, to wit, 23 marihuana cigarettes.

3. The aforesaid 1950 Mercury Sport Sedan, Motor No. 101546, is therefore subject to seizure and forfeiture under the provisions of Title 49, Section 782, United States Code Annotated.

Let a decree of condemnation and forfeiture of said 1950 Mercury Sport Sedan, Motor No. 101546, accordingly be entered.